O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case Nos.  2:97-CR-1085-CAS |
| | ) | 2:03-CV-6459-CAS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MICHEL WITHERS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    INTRODUCTION

On September 16, 1998, following an 18-day trial, a federal jury convicted Michel Withers of possession of heroin and cocaine with intent to distribute, money laundering, engaging in a continuing criminal enterprise, and conspiracy to possess controlled substances with the intent to distribute.  Docs. 332–33.  On March 20, 2001 Judge Manuel L. Real sentenced Withers to 365 months in federal prison.  Doc. 525.

Withers has filed two motions related to his sentence, which are pending before the Court.  The first motion, originally filed on September 10, 2003, seeks habeas relief pursuant to 28 U.S.C. § 2255.  Doc. 567.  Judge Real summarily denied the motion on July 1, 2005.  Doc. 618.  On August 19, 2010, the Ninth Circuit reversed, and remanded

for additional fact-finding on Withers's claim that his Sixth Amendment right to a public trial was violated when Judge Real closed the courtroom prior to voir dire. Doc. 694. Per the Ninth Circuit's instructions, this case was reassigned to this Court. Doc. 780. On January 29, 2015, Withers filed a supplemental brief in response to the Ninth Circuit's decision. Doc. 770. The government responded (Doc. 782), and Withers replied (Doc. 785).

Withers's second motion, filed May 11, 2015, seeks modification of his sentence pursuant to 18 U.S.C. § 3582(c). Doc. 772. That motion has been fully briefed. Docs. 788, 794. For the reasons that follow, the Court will grant both motions. The Court will order briefing and schedule a hearing to determine appropriate next steps.

## II.     SECTION 2255 MOTION

### A.     The Ninth Circuit Decision

In reversing Judge Real's summary denial of Withers's motion, the Ninth Circuit explained:

> The Sixth Amendment guarantees a defendant the right to a public trial, which includes a right to have the public present during voir dire. U.S. Const. amend. VI; *Presley v. Georgia*, 130 S. Ct. 721, 724 (2010); *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 511 (1984).

> "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions . . . ." *Waller v. Georgia*, 467 U.S. 39, 46 (1984) (internal quotation marks and citations omitted). For that reason, before totally closing any part of a trial to the public,

>> [t]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

1
2
3
4
5
6
7
8
9

*Presley*, 130 S. Ct. at 724 (quoting *Waller*, 467 U.S. at 48); *see also Press-Enterprise*, 464 U.S. at 510.

A district court violates a defendant's right to a public trial when it totally closes the courtroom to the public, for a non-trivial duration, without first complying with the four requirements established by the Supreme Court's *Press-Enterprise* and *Waller* decisions. *See Waller*, 467 U.S. at 48, 104 S. Ct. 2210; *United States v. Ivester*, 316 F.3d 955, 959 (9th Cir. 2003) (holding that trivial closures do not violate the Sixth Amendment); *United States v. Sherlock*, 962 F.2d 1349, 1357 (9th Cir.1992) (holding that partial closures are subject to less stringent requirements). Because such violations are structural errors, they warrant habeas relief without a showing of specific prejudice. *See Waller*, 467 U.S. at 49–50.

10
11
12
13

*Id.* at 12–13. The Ninth Circuit concluded that it lacked sufficient evidence to rule on Withers's claim, and remanded for a determination of two critical facts: (1) "whether the courtroom closure lasted for more than a trivial duration" and (2) "whether the district court complied with the *Press-Enterprise/Waller* requirements." *Id.* at 14.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Ninth Circuit also addressed the government's argument that Withers's public trial claim was procedurally defaulted because he failed to raise it on direct review. *Id.* at 14. The court refused to affirm on this basis, concluding that Withers had a credible, non-frivolous argument that cause and prejudice existed to excuse the procedural default. *Id.* at 14–15. The court explained that if Withers were able to establish a viable public trial claim, he would likely be able to establish cause for his default based on a theory of ineffective assistance of appellate counsel. *Id.* at 15. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a claim for ineffective assistance of counsel must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) there is a "reasonable probability" that the deficient performance prejudiced the defense. *Id.* The Ninth Circuit opined that both *Strickland* factors would likely be satisfied if Withers had a viable public trial claim. *See id.* at 15–16 (if Withers's public trial claim were viable, "appellate counsel's failure to raise it likely fell below an objective standard of reasonableness" and would "almost certainly" be prejudicial). Withers would also be able to establish prejudice for purposes of excusing procedural default, because the

closing of voir dire to the public would have infected the entire trial with "error of constitutional dimensions." *Id.* at 16 (citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

The Ninth Circuit remanded for further evidentiary development. The court explained:

> Resolution of th[e] procedural default issue depends on whether Withers's appellate counsel was ineffective, which in turn depends on whether Withers's public trial claim was viable. Because we cannot assess the viability of the claim without knowing for how long the trial judge closed the courtroom, or whether he complied with the *Press-Enterprise/Waller* requirements, we likewise cannot determine whether appellate counsel was ineffective. Remand for the district court to develop the underlying facts is therefore appropriate.

*Id.* at 18–19.[1]

### B.    Withers's Evidence

In response to the remand, Withers produces evidence that the trial court closed the courtroom to members of the public for the entire afternoon of jury selection, during which the parties also made their opening statements. The transcript shows that the district court ordered the public to leave before jury selection:

> We're going to take a recess to bring down the jury panel. All you people out there are going to have to be out of the courtroom. We have to bring a very big panel of prospective jurors and we need the entire courtroom, so all of you out.

Doc. 770-1 at 29. There is no evidence that the court considered the *Press-Enterprise/Waller* factors before ordering the public out of the courtroom. At no point during the remainder of the day did the court state on the record that the public was

---

[1] In his original motion, Withers asserted an independent claim for ineffective assistance of trial counsel, based on trial counsel's failure to object to the courtroom closure. The Ninth Circuit remanded for further factual development as to this theory as well. Doc. 694 at 21. Withers does not address this claim in his response to remand.

permitted to reenter the courtroom.  Doc. 770 at 11.  Thirteen members of Withers's family were forced to leave the courtroom as a result of the court's order.  *Id.* at 11–12.  They were under the impression that they were barred from the courtroom for the remainder of the day.  *See id.* at 12–15.  They were unable to witness jury selection or opening arguments.  *Id.* at 19.

### 3.   Analysis

The government does not challenge Withers's evidence.  Doc. 782 at 2.  Accordingly, the question is whether Withers's evidence establishes a violation of the Sixth Amendment.  The Court concludes that it does.  As the Ninth Circuit explained, "[a] district court violates a defendant's right to a public trial when it totally closes the courtroom to the public, for a non-trivial duration, without first complying with the four requirements established by the Supreme Court's *Press-Enterprise* and *Waller* decisions."  Doc. 694 at 13.  It is clear that the courtroom closure lasted for more than a trivial duration.  The courtroom was closed for a full afternoon, during which the entirety of voir dire and opening arguments were completed.  The government does not argue that this closure was trivial.  Nor could it:  precedent clearly establishes that closure of the courtroom for the entirety of voir dire is significant enough to give rise to a Sixth Amendment violation.  *See Press-Enterprise*, 464 U.S. at 511; *see also United States v. Dharni*, 757 F.3d 1002, 1004 (9th Cir. 2014) ("Because the process of juror selection is itself a matter of importance, it is far from self-evident that the Sixth Amendment would tolerate closure of the entirety of voir dire.") (citing *Press-Enterprise*, 464 U.S. at 505); *cf. United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003) (brief closure of courtroom to question jurors about whether they felt safe in courtroom was trivial and did not violate Sixth Amendment); *Peterson v. Williams*, 85 F.3d 39, 41 (2d Cir. 1996) (inadvertent closure of courtroom for twenty minutes did not violate Sixth Amendment).  It is also clear that the district court did not comply with the *Press-Enterprise*/*Waller* requirements.  Accordingly, the Court concludes that Withers's Sixth Amendment right to a public trial was violated.

The government argues that Withers's Sixth Amendment claim is procedurally defaulted. The Court is constrained to reject that argument. "Ineffective assistance of counsel . . . is cause for a procedural default," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and appellate counsel's failure to assert Withers' public trial claim amounted to ineffective assistance of counsel.

A claim for ineffective assistance of appellate counsel must establish the *Strickland* factors—i.e., objective unreasonableness and prejudice. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Both factors are present here. Appellate counsel's failure to raise a particular claim is objectively unreasonable if the "ignored issues are clearly stronger than those presented." *Smith*, 528 U.S. at 288 (citation and quotation marks omitted). Withers's public trial claim was as strong as they come. The facts supporting the claim were plain on the face of the trial transcript. It was clear at the time of the appeal that these facts—showing total closure of the courtroom during voir dire—established a violation of the Sixth Amendment, and that Withers was entitled to automatic reversal as a result. *See Press-Enterprise*, 464 U.S. at 511; *Waller v. Georgia*, 467 U.S. 39, 49–50 (1984).[2] Because Withers's public trial claim was meritorious and would have resulted in automatic reversal, appellate counsel's failure to assert it was objectively unreasonable.[3]

Appellate counsel's failure to assert this claim was also prejudicial. To establish prejudice, Withers must show that there is a reasonable probability that he would have

---

[2] The government argues that it was not clear until *Presley v. Georgia*, 558 U.S. 209 (2010)—decided after Withers's appeal—that the Sixth Amendment's public trial right applied to voir dire. Doc. 782 at 5. The government is mistaken. The Court did not decide this issue in *Presley*; rather, it summarily reversed the lower court (i.e., without merits briefing or oral argument) because the decision below "contravened the Court's clear precedents" under which it was "well settled that the Sixth Amendment right extends to jury voir dire." 558 U.S. at 209, 213 (citing *Press-Enterprise*, 464 U.S. 501; *Waller*, 467 U.S. 39). The cases relied on in *Presley* long predate Withers's appeal.

[3] Withers's appellate counsel acknowledges that there was "no valid reason" for his failure to assert the claim. Doc. 770 at 22 (citing Ex. 12 at 178–79).

prevailed on his appeal but for appellate counsel's unprofessional errors.  *See Smith*, 528 U.S. at 285.  Withers has made the required showing.  If appellate counsel had asserted the public trial claim, Withers would have prevailed on his appeal and had his conviction automatically reversed.  Appellate counsel's failure to assert this claim was prejudicial. *Accord* Doc. 694 at 15 (if Withers possessed a viable public trial claim, appellate counsel's failure to raise it "almost certainly prejudiced [Withers]").  Because Withers's appellate counsel was ineffective, Withers's failure to assert his public trial claim on appeal is excused.  That claim is not procedurally defaulted.

### III.   SECTION 3582(C)(2) MOTION

28 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Thus, "a defendant is eligible for a sentence reduction if two prongs are satisfied:  the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 811 (9th Cir. 2013) (citations, formatting, and quotation marks omitted).  If a defendant is *eligible* for a sentence reduction under section 3582(c)(2), the Court must decide whether to exercise its *discretion* to reduce the defendant's sentence.  *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary.").  The Court considers the normal sentencing factors (i.e., those set forth in 18 U.S.C. § 3553(a)) in deciding whether, and to what extent, to exercise its discretion to reduce the defendant's sentence.

It is undisputed that Withers is eligible for a sentence reduction pursuant to section 3582(c)(2). Withers's sentence was based on the Pre-Sentence Report, which applied the sentencing range set forth in the Drug Quantity Table at U.S.S.G. § 2D.1.1(c). *See* Docs. 773 at 5; 788 at 3. That sentencing range was subsequently reduced, when in 2014, the Sentencing Commission adopted Amendment 782, which lowered the base-level offense provided by the Drug Quality Table by two levels. *See United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015) (citing U.S.S.G., supp. app'x. C, amends. 782 (2014)). This amendment was made retroactive. *See id.* (citing U.S.S.G., supp. app'x. C, amends. 788 (2014)). Reducing Withers's sentence is consistent with the applicable policy statement, U.S.S.G. § 1B1.10, which states that a defendant is eligible for a sentence reduction if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines." *See Pleasant*, 704 F.3d at 811.

Although the government agrees that Withers is *eligible* for a sentence reduction, it argues that the Court should deny Withers's motion as a matter of discretion. Doc. 788 at 2. It argues that a discretionary denial of Withers's motion is appropriate because: (1) "the offense of conviction is a serious one, involving a conspiracy to distribute and the actual distribution of substantial quantities of cocaine and heroin;" (2) "the jury specifically found that [Withers] organized and directed the others in the offense;" (3) Withers's criminal history included three prior narcotics convictions, only two of which were included in the calculation of his criminal history; and (4) Withers's sentence is less than the life sentence required by 21 U.S.C. § 848(b), and initially imposed by the trial court. Doc. 788 at 10–11.

The Court is not persuaded by these arguments. The seriousness of Withers's offense, his organizational role, and all but one of his prior narcotics convictions are already reflected in his sentence. The fact that Withers was initially sentenced to life in prison under 21 U.S.C. § 848(b) is irrelevant: the Ninth Circuit reversed this conviction

because it was not supported by the requisite factual findings, *United States v. Hudspath*, 242 F.3d 384 (9th Cir. 2000), and Judge Real did not make the requisite findings on remand.

The Court will reduce the term of Withers's sentence in accordance with 28 U.S.C. § 3582(c)(2) and Amendment 782. The Court will make its decision as to the appropriate sentence reduction at the hearing scheduled below.

## VI.   CONCLUSION

Withers has demonstrated that his Sixth Amendment right to a public trial was violated when Judge Real closed the courtroom during the entirety of voir dire and opening argument. Withers has also demonstrated that he is eligible for a sentence reduction pursuant to 28 U.S.C. § 3582(c)(2) and Amendment 782, and that such a reduction is appropriate. The parties shall each file a statement by March 9, 2017, setting forth their views as to appropriate next steps, including what remedy should be afforded under 28 U.S.C. § 2255(b), and what the appropriate guideline range is after application of Amendment 782. The Court will hold a hearing on the matter at 12:00 noon on March 23, 2017. The U.S. Attorney is ordered to issue a writ to assure the defendant's presence at the March 23, 2017 hearing, at 12:00 P.M.

**IT IS SO ORDERED.**

DATED:  February 6, 2017

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

-9-